IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| RONNIE MARSHALL, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | CIVIL ACTION NO. 01-C-0370-NE |
| | ] | |
| WARDEN RALPH HOOKS and | ] | |
| THE ATTORNEY GENERAL FOR | ] | |
| THE STATE OF ALABAMA, | ] | |
| | ] | |
| Respondents. | ] | |

**ENTERED**
MAR 27 2002

### MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. On October 22, 1998, the petitioner, Ronnie Marshall, was convicted in the Circuit Court of Jefferson County of felony murder, a violation of Ala. Code § 13A-6-2. He was sentenced on November 6, 1998, to a term of imprisonment for thirty-two years. On November 13, 1998, Marshall filed a motion for a new trial. The trial court summarily denied the motion for a new trial on December 16, 1998.

On direct appeal, Marshall claimed that: 1) the trial court erred in failing to grant his motion for judgment of acquittal; 2) the trial court erred in denying his motion to exclude the state's evidence; 3) the trial court erred in denying his motion for a new trial; 4) the trial court erred in refusing to accept his guilty plea; 5) the trial court erred by improperly enhancing his sentence; 6) the trial court erred in denying him the opportunity to select two

11

alternate jurors; 7) the trial court erred by denying him a new trial based on ineffective assistance of counsel because his trial counsel failed to request a mental evaluation for him; and 8) the trial court erred by not charging the jury on criminally negligent homicide. The Alabama Court of Criminal Appeals affirmed the petitioner's conviction on April 30, 1999, in a memorandum opinion:

> Ronnie Marshall was indicted for capital murder and convicted of felony murder, a violation of § 13A-6-2, Ala. Code 1975. Marshall was sentenced to a term of thirty-two years' imprisonment. On appeal, Marshall contends that (1) the trial court erred in failing to grant Marshall's Motion for Judgment of Acquittal, (2) the trial court erred in denying Marshall's Motion to Exclude the State's Evidence, (3) the trial court erred in denying Marshall's Motion for a New Trial, (4) the trial court erred in refusing to accept Marshall's guilty plea, (5) the trial court erred by improperly enhancing Marshall's sentence, (6) the trial court erred in denying Marshall the opportunity to select two alternate jurors, (7) the trial court erred by denying Marshall a new trial based on ineffective assistance of counsel because his trial counsel failed to request a mental evaluation for him, and (8) the trial court erred by not charging the jury on criminally negligent homicide.
>
> Facts
>
> On February 20, 1997, Charse Brown and Rhonda Witherspoon were at their residence and had used crack cocaine earlier in the day. Brown, Witherspoon, and Dirick Moore sold drugs out of his residence. (R.239-41.) While Brown and Witherspoon were at the residence, Dirick Moore, Ronnie Marshall, and a third person referred to at trial as "Bay" arrived at the house. Moore, Marshall, and Bay had guns in their hands when they came into the house. (R. 417.) Moore shot his gun throughout the house five to nine times. (R. 243, 417.)
>
> Then, Marlon Collins came to the house and wanted to buy cocaine. Moore began questioning Collins and asked him if he was a cop. (R. 243-44.) Next, Ronnie Marshall, Dirick Moore, and Bay threw Collins down to the floor. The three men kicked, beat, and hit Collins on the head with their guns. (R. 244-45, 419.) Moore, Marshall, and Bay took Collins' jewelry, wallet, and money. (R. 419.) Brown and Witherspoon then heard Dirick Moore say "I shot him." (R. 247.) Moore came into the bathroom and told Witherspoon "you better not say nothing or else I'm going to kill you." (R. 247.) Witherspoon saw a hole in Collins head and a lot of blood. Collins was breathing and wheezing. (R.248.) Witherspoon asked permission to call an ambulance but someone said "[n]o, we have got to get rid of him." (R.248.)

Moore, Marshall, and Bay placed a plastic bag over Collins' head and rolled him up in blankets. Then, Moore, Marshall, and Bay placed Collins in the trunk of Collins' automobile and the they [sic] drove away. (R. 248-50, 388-89.) Moore, Marshall, and Bay returned ten minutes later. Later that night, they took the bloody carpet and other items across the street and burned them. (R. 424.)

I.

Marshall argues that the evidence was not sufficient to convict him of capital murder. Specifically, he argues that at the close of the State's evidence, the evidence was not sufficient to convict him of capital murder, and therefore, the trial court erred in denying his motion for judgment of acquittal. Marshall further argues that the trial court failed to grant his Motion to Exclude the State's Evidence because the State failed to present sufficient evidence. These two issues will be addressed together.

This court cannot review these issues because Marshall was not convicted of capital murder. "The charge upon which the conviction rests is the only charge that is subject to appellate review." *Williams v. State*, 695 So.2d 644, 647 (Ala. Crim. App. 1996). Therefore, this court will not review Marshall's issues concerning sufficiency of the evidence for capital murder because he was convicted of felony murder.

II.

Marshall next argues that the trial court erred in denying his Motion for a New Trial. More specifically, Marshall argues that the evidence was not sufficient to convict him of felony murder.

"It is well settled that '[a] decision on a motion for a new trial rests largely within the discretion of the trial court, and [that] in reviewing such a decision this court will indulge every presumption in favor of the correctness thereof.'" *Sistrunk v. State*, 630 So.2d 11147, 154 (Ala. Crim. App. 1993), quoting *Brownlee v. State*, 545 So.2d 151, 164 (Ala. Crim. App. 1988). We will not disturb a trial judge's denial of a motion for a new trial unless there is a showing of an abuse of discretion. *See. id.*

In order to commit the crime of felony murder, Marshall must have committed robbery in any degree, and in the course of furtherance of the crime, Marshall, or another participant of the crime, must have caused the death of Collins. *See* § 13A-6-2, Ala. Code 1975.

Robbery in the third degree is defined as:
(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
> (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or

3

>   (2) Threatens the imminent use of force against the person of the owner or any person present with the intent to compel acquiescence to the taking of or escaping with the property.

§ 13A-8-43, Ala. Code 1975.

Here, Marshall committed a robbery. The evidence presented at trial showed that Marshall participated in beating Collins and taking his jewelry and wallet. (R. 419.) Further, Marshall had a gun during the robbery. (R. 417.) Then, after Marshall, Moore, and Bay robbed Collins, Moore shot Collins in the head. Because the three men acted together, this evidence is sufficient to convict Marshall of felony murder, even though he did not actually shoot Collins. Thus, the trial court did not abuse its discretion in denying Marshall's Motion for a New Trial.

III.

Marshall further argues that the trial court abused its discretion by refusing to accept his guilty plea. The State and Marshall agreed that Marshall would plead guilty to murder in exchange for 25 years' imprisonment and truthful testimony if necessary. The trial court, however, refused to accept Marshall's guilty plea. The trial court stated:

>   THE COURT: I don't take guilty pleas from innocent people.
>   DEFENDANT MARSHALL: I am not innocent.
>   THE COURT: You don't make that decision. You told me that you were not participating with this man.
>   DEFENDANT MARSHALL: I say I have participated after - -
>   THE COURT: No, no, after he was dead, after he was shot.
>   DEFENDANT MARSHALL: Yes, sir. I helped dispose of the body - -
>   THE COURT: Well, you may be guilty of some lesser crime. You tell the jury that, if you choose. But you will stand trial here for capital murder. I am not about to take a plea of that - - based on what you say you did.

(R. 33-34.) The judge refused to accept Marshall's guilty plea for murder, because based on the facts that Marshall told the trial court, the trial court determined that he was innocent of capital murder.

A trial court is not required to accept a guilty plea. In fact, "[a] trial judge is under no duty to accept a defendant's plea of guilty." *Jemison v. State,* 439 So.2d 786, 787 (Ala. Crim. App. 1983). *See also Swann v. City of Huntsville,* 455 So.2d 944 (Ala. Crim. App. 1984); *Odoms v. State,* 359 So.2d 1162 (Ala. Crim. App. 1978). In *Jemison* this court held that the trial court did not deny the defendant due process of law by refusing to accept a guilty plea that had already been negotiated between the defendant and the prosecutor. *Id.*

Even though Marshall negotiated a guilty plea with the district attorney, the trial court was under no duty to accept his guilty plea. (See R. 17-18.) In fact, the trial court believed that Marshall was innocent of capital murder based on the facts Marshall revealed to the trial court. Thus, the trial court reasonably rejected Marshall's guilty plea and did not abuse its discretion.

IV.

Marshall argues that the trial court erred by enhancing his sentence for use of a firearm. More specifically, Marshall argues that the State failed to prove that he used a firearm during the commission of a class A felony pursuant to § 13A-5-6(a)(4).

Section 13A-5-6(a)(4), Ala. Code 1975, states that "[f]or a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years."

In discussing sentencing enhancement for use of a firearm, this court stated "the fact that there was evidence at trial that the appellant's accomplice, rather than the appellant, was in actual possession of the shotgun during the burglary does not remove the appellant from the application of 13A-5-6(1)(4), Code of Alabama 1975." *Moore v. State*, 677 So.2d 819, 820 (Ala. Crim. App. 1996).

Here, the State presented evidence that Marshall, Moore, and Bay all came into the house with guns. (R. 417.) This evidence went uncontroverted throughout the trial. Therefore, the court properly enhanced Marshall's sentence pursuant to § 13A-5-6(a)(4).

However, even assuming that Marshall did not have a firearm during the robbery, § 13A-5-6(a)(4) still applies to Marshall's sentence. In *Miller v. State*, 650 So.2d 940 (Ala. Crim. App. 1993), this court stated "[i]n *Hammond*, we held that even if the defendant was actually unarmed, the jury's verdict encompassed in it a finding that the defendant was armed with a deadly weapon and the trial court was required to sentence the defendant in accordance with the enhancement statute." *Miller v. State*, 650 So.2 d 940, 945 (Ala. Crim. App. 1994), rev'd on other grounds, quoting *Hammond v. State*, 497 So.2d 558 (Ala. Crim. App. 1996). Even assuming that Marshall did not use a firearm, Marshall's sentence was properly enhanced because his accomplice used a firearm. Therefore, the trial court properly enhanced Marshall's sentence.

V.

Marshall further argues that the trial court erred because the trial proceeded with only one alternate juror. Specifically, Marshall argues that after the jury and two alternates were selected, but not sworn, the trial court dismissed a juror. One of the alternate jurors replaced the dismissed juror. However, the trial court did not replace the alternate juror. Therefore, the trial proceeded with only one alternate juror.

5

Rule 18.4(g)(1), Ala.R.Crim.P. states "[the court may in its discretion qualify such alternate jurors as it deems necessary, except that in capital cases the court shall qualify at least two (2) alternate jurors, as required by law." Rule 18.4(g) provides the trial court with discretionary power to empanel alternate jurors in noncapital cases. *See* Committee Comments for Rule 18.4(g), Ala.R.Crim.P.

Although the Grand Jury indicted Marshall for capital murder, he was convicted of a lesser-included offense of felony murder. In *Fillmore v. State*, 668, So.2d 141 (Ala. Crim. App. 1995) this court stated that "[t]he charge upon which the conviction rests is the only before us for appellate review." Consequently, Marshall cannot complain on appeal that Rule 18.4 requires two alternate jurors in a capital case, because he was not convicted of capital murder. Therefore, the trial court did not err [sic] because it was within its discretionary power to proceed without two alternate jurors in a noncapital case.

## VI.

Marshall also argues that the trial court erred in denying his Motion for a New Trial, which raised a claim for ineffective assistance of counsel. Specifically, Marshall contends that his attorney failed to requested [sic] a mental evaluation for him. Marshall raised this same issue in his Motion for a New Trial, which the trial court denied. Therefore, this issue is preserved for our review.

In order to prevail on an ineffective assistance of counsel claim, the appellant must meet the two prong test of *Strickland v. Washington*, 466 U.S. 668, S. Ct. 2052 (1984).

> First, the appellant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687. The second prong of the *Strickland* test requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional error, the proceedings would have reached a different conclusion. *Holland v. State*, 654 So.2d 77, 80 (Ala. Crim. App. 1994). In deciding an ineffective assistance of counsel claim, this Court "strongly presume[s]" counsel "to have rendered adequate assistance and

> made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 So.2d at 690.
>
> According to the first prong of *Strickland,* Marshall must show that his trial counsel made serious errors. In *Horsley v. State,* 527 So.2d 1355, 1361-62 (Ala. Crim. App. 1988), this court held that failure to seek a mental evaluation did not render counsel's assistance ineffective where counsel had no reason to suspect that the defendant suffered from a mental deficiency. *See also Cochran v. State,* 548 So.2d 1062 (Ala. Crim. App. 1989).
>
> There is nothing presented in the record that suggests Marshall's trial counsel had any reason to suspect he suffered from a mental deficiency. Facts no shown by the record cannot be reviewed on appeal. *Ex parte Olson,* 472 So.2d 437, 438 (Ala. 1985). Second, because there was no reason for Marshall's trial counsel to have a mental evaluation performed, Marshall was no prejudiced. Therefore, Marshall's trial counsel was not ineffective and the trial court properly denied his Motion for a New Trial.
>
> VII.
>
> Marshall lastly argues that the trial court erred in refusing to instruct the jury on negligent homicide.
>
> An accused is entitled to an instruction on a lesser-included offense only when there is a reasonable theory from the evidence supporting his position, however doubtful or weak in credibility. *Chavers v. State,* 361 So.2d 1106, 1107 (Ala. 1978); *Ex parte Hannah,* 527 So.2d 675, 677 (Ala. 1988).
>
> > (a) A person commits the crime of criminally negligent homicide
> > if he causes the death of another person by criminal negligence.
>
> § 13A-6-4, Ala. Code 1975.
>
> Here, the trial court properly refused to charge the jury on criminally negligent homicide. (R. 650.) There is absolutely no evidence that Marshall committed a criminally negligent homicide. The evidence presented at trial supported theories of either capital murder or felony murder. No evidence was presented to support a criminally negligent homicide. Therefore, the trial court properly refused to charge the jury on criminally negligent homicide.
>
> For the above-stated reasons, the judgment of the trial court is due to be, and is hereby, affirmed.

*Marshall v. State,* 768 So.2d 1025 (Ala. Crim. App. 1999)(table). On June 18, 1999, the Alabama Court of Criminal Appeals overruled Marshall's application for rehearing. His petition for a writ of certiorari was denied on October 15, 1999. *Ex Parte Ronnie Marshall,* 780 So. 2d 811 (Ala. 1999)(table).

On April 11, 2000, Marshall filed a Rule 32 petition in the Circuit Court of Jefferson County, claiming that: 1) he received ineffective assistance of counsel at trial and on direct appeal; 2) the trial court's instruction to the jury on reasonable doubt was erroneous; and 3) the trial court was without jurisdiction to render the judgment or impose the sentence because he was not specifically charged with felony murder. The trial court summarily denied the petition on May 19, 2000, finding as follows:

> (L) Petitioner is precluded from relief by operation of law as his claims could have been raised at trial pursuant to Rule 32.2(a)(2), *Alabama Rules of Criminal Procedure*.
> (M) Petitioner is precluded from relief by operation of law as his claims could have been raised on appeal pursuant to Rule 32.2(a)(5), *Alabama Rules of Criminal Procedure*.
> (N) Petitioner claims "denial of effective assistance of counsel" at the trial and appellate levels.
> Petitioner raised the issue of ineffective assistance of trial counsel in his Motion for New Trial and also on direct appeal. The Court of Criminal Appeals ruled that "trial counsel" was not ineffective and the trial Court properly denied his Motion for New Trial.
> The Alabama Supreme Court has adopted a two-prong test based on *Strickland v. Washington*, 466 U.S. 668 (1984) to determine the effectiveness of counsel. First, Petitioner had the burden of proving that his counsel was deficient. Second, Petitioner must prove that his trial counsel's performance prejudiced Petitioner to such a degree that, but for the ineffective performance of his lawyer, the outcome would have been different. *See Ex parte Lawley*, 512 So. 2d 1370, 1372 (Ala. Crim. App. 1987).
> The Court finds that Petitioner has failed to meet the burden required pursuant to *Stringfellow v. State*, 485 So. 2d 1238 (Ala. Crim. App. 1986), which states, "to establish ineffective assistance of counsel, the accused must show that his attorney's performance was so deficient as to fall below the objective standard of reasonableness and, further, that this deficiency actually prejudiced him and deprived him of a fair trial."
> Petitioner also claims that appellate counsel was ineffective, and his performance at the appellate level "prejudiced" Petitioner's defense. Appellate counsel Joe Morgan, Jr., can not be held ineffective for failing to appeal issues which have no merit. Petitioner has failed to meet his burden under this claim.

(O) Petitioner further claims that he "was denied the Constitutional right to jury trial by instruction that defined reasonable doubt through use of disapproved phrase including 'moral certainty' combined with explanation that jury could acquit only if it had doubt for which you could give good reason and abiding conviction."

Petitioner's claim is ridiculous. He complains that the trial Court gave "erroneous" jury charges which lowered the State's burden of proof, however, he cites specific portions of the Court's oral charge which directly contradict this claim.

In his charge on reasonable doubt, Judge Pearson stated, "On the other hand, when considering all of the evidence, you say to yourself, as finders of fact, 'I have no doubt of the defendant's guilt in this case for which I can give a good, sound and sensible reason. No such doubt exists. There remains in my mind an abiding conviction that the defendant is, in fact, guilty.' Then, if that be the case, that law says that the State has met its burden." In his charge on circumstantial evidence, Judge Pearson further stated, "There should not be a conviction upon circumstantial evidence unless to a moral certainty, it excludes every other reasonable hypothesis other than the guilt of the accused." The trial Court's charges, which Petitioner feels are objectionable, actually place a greater burden of proof on the State of Alabama. Petitioner has failed to meet his burden of proof under this claim.

(P) Petitioner further claims that "the trial Court was without jurisdiction to render the judgment or to impose the sentence." Petitioner bases this complaint on his contention that he was not specifically charged with felony murder, and because he was not charged with felony murder, it could not be "a lesser included offense with an indictment that charges intentional murder."

Petitioner is obviously confused. He was indicted on the charge of capital murder, and not intentional murder. While felony murder may be a lesser included offense embraced in the charge of capital murder, the Court could not have given charges on both intentional murder *and* felony murder. Petitioner's complaint is without merit. Petitioner has failed to meet his burden of proof under this claim.

(Q) Petitioner repeatedly claims that relief is due to be granted, however, he fails to provide any basis in law to support his claims. Rule 32.6(b) *Alabama Rules of Criminal Procedure* provides that "the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Petitioner has failed to meet his burden of proof under these claims.

(R) No material issue of law or fact exists which would entitle Petitioner to relief under Rule 32, and no purpose would be served by any further proceedings. Rule 32.7, *Alabama Rules of Criminal Procedure*.

On September 22, 2000, the Alabama Court of Criminal Appeals affirmed the denial of Marshall's petition in a memorandum opinion:

> Ronnie Marshall appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged Marshall's October 22, 1998, conviction for felony murder, a violation of § 13A-6-2, Ala. Code 1975. Marshall was sentenced to 32 years' imprisonment. His direct appeal was affirmed by memorandum. *Marshall v. State*, [Ms. CR-98-0310, April 30, 1999] ___So.2d ___ (Ala. Crim. App. 1999). The certificate of final judgment was issued on October 15, 1999. The instant petition was filed on April 11, 2000. Marshall presented the following claims in his petition.
> 
> 1-Petitioner received ineffective assistance of trial and appellate counsel.
> 2-The trial court erred in charging the jury on intent, on the lesser included offenses of intentional murder and felony murder, and reasonable doubt, and by failing to inform the jury that the petitioner plead not guilty to any offense.
> 3-Trial counsel was ineffective for not objecting to the trial court errors listed in number 2.
> 4-There was insufficient evidence to sustain a conviction for felony murder.
> 5-Trial counsel erred by failing to object to the trial court giving an instruction on felony murder.
> 6-Appellate counsel was ineffective for failing to raise the above issues on direct appeal.
> 7-The trial court did not have jurisdiction to render judgment or impose sentence for felony murder because the indictment did not charge petitioner with felony murder.
> 
> After receipt of the State's motion to dismiss, the circuit court summarily denied the petition finding Marshall's claims regarding the trial court's reasonable doubt instruction and his claim that felony murder was not a lesser included offense to be meritless, and finding Marshall's other claim to be procedurally barred. "The standard of review on appeal in a postconviction proceeding is whether the trial judge abused his discretion when he denied the petition. *Ex parte Eaton*, 542 So.2d 931 (Ala. 1989)." *Elliot v. State*, 601 So.2d 1118, 1119 (Ala. Crim. App. 1992). There was no abuse of discretion in this case.

>        Each substantive claim presented by Marshall, except his jurisdictional claim, is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. Marshall's alleged jurisdictional challenge is not a true jurisdictional challenge. Felony murder may be a lesser included offense of capital murder. *Ex parte Rice*, [Ms. 1980846, December 21, 1999] ___ So.2d ___ (Ala. 1999). Moreover, this Court ruled on direct appeal that there was sufficient evidence to sustain a conviction for felony murder. Thus, there is no merit to this claim and it is precluded because it was addressed on direct appeal. Rule 32.2(a)(4), Ala.R.Crim.P.
>        Marshall was represented by different counsel at trial and on direct appeal. Ineffective assistance of trial counsel was raised on direct appeal. Thus, because Marshall had an opportunity to present claims concerning trial counsel on direct appeal, the instant claims are precluded. *Ex parte Ingram*, 675 So.2d 863 (Ala. 1996). Moreover, in order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that he was prejudice by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, (1984). Marshall's claims of ineffectiveness amount to nothing more than bare allegations, unsupported by any factual basis; accordingly, it fails to satisfy either the burden of proof requirements of Rule 32.3, Ala.R.Crim.P., or the specificity requirements of Rule 32.6(b), Ala.R.Crim.P.
>        The standards for determining whether appellate counsel was ineffective are the same as those for determining whether trial counsel was ineffective. *Ex parte Dunn*, 514 So.2d 1300, 1303 (Ala. 1987). Marshall has failed to meet his burden of proof regarding his claims that appellate counsel was ineffective. Because Marshall has not proven that his trial attorney was ineffective, his appellate attorney was not ineffective for not challenging trial counsel's performance concerning these issues. *Alderman v. State*, 647 So.2d 28, 31 (Ala. Crim. App. 1994).
>        The circuit court's summary denial of Marshall's Rule 32 petition is affirmed.

The certificate of judgment was issued on December 27, 2000.

Marshall has now filed a petition for a writ of habeas corpus in this court. In support of his petition, he claims that: 1) the trial court erred in failing to grant Marshall's Motion for Judgment of Acquittal; 2) the trial court erred in denying Marshall's Motion to Exclude the State's Evidence; 3) the trial court erred in denying Marshall's Motion for a New Trial;

4) the trial court erred in refusing to accept Marshall's guilty plea; 5) the trial court erred by improperly enhancing Marshall's sentence for use of a firearm when he did not use a firearm; 6) the trial court lacked jurisdiction to render the verdict or impose the sentence, because felony murder is not a lesser included offense of intentional murder; and 7) the trial court erroneously enhanced his sentence in violation of his "due process of notice and jury trial of the sixth amendment, these facts were not presented to a jury nor proved beyond a reasonable doubt."

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petitioner's claims are due to be denied because they were adjudicated on the merits in state court proceedings.[1] The parties were advised that the respondents' answer would be treated as a motion for summary judgment pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse in which he argues that he has fairly presented these claims to the state courts but that there was no full or fair hearing on the issues.

## CLAIMS 1- 6

The petitioner's first six claims[2] were presented to the Alabama Court of Criminal Appeals on direct appeal and found to be without merit. Because Marshall filed this petition

---

[1] The respondents only addressed the petitioner's first five claims, raised in his brief on pages 20 to 40. However, Marshall raised a sixth and seventh claim on page 5 of his petition and page 41 of his brief.

[2] The petitioner's first six claims are that : 1) the trial court erred in failing to grant Marshall's Motion for Judgment of Acquittal; 2) the trial court erred in denying Marshall's Motion to Exclude the State's Evidence; 3) the trial court erred in denying Marshall's Motion for a New Trial; 4) the trial court erred in refusing to accept Marshall's guilty plea; 5) the trial court erred by improperly enhancing Marshall's sentence for use of a firearm when he did not use a firearm; and 6) the trial court lacked jurisdiction to render the verdict or impose the sentence, because felony murder is not a lesser included offense of intentional murder.

after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), amending § 2254, these claims must be evaluated according to the standards as amended by the Act. *Lindh v. Murphy*, 117 S. Ct. 2059, 2063 (1997). Amended § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, the petitioner can obtain relief on these claims only if he can establish that the Alabama Court of Criminal Appeals' adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)and (2). *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, 119 S. Ct. 811 (1999); *Schlager v. Washington*, 113 F.3d 763, 768 (7th Cir. 1997); *Hodges v. Hawes*, 955 F. Supp. 958, 964 (N.D. Ill. 1997).

The petitioner has neither argued nor established that the Court of Appeals' adjudication of his claims resulted in decisions that were contrary to, or involved an unreasonable application of clearly established Federal law, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The court concludes that the Court of Appeals' adjudication of these

13

claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, and that the decision was not based on unreasonable determinations of the facts in light of the evidence presented in the state court proceedings. Thus, the petitioner's first six claims are due to be DISMISSED.

### *APRENDI* CLAIM

The petitioner's final claim is that the trial court erroneously enhanced his sentence in violation of his "due process of notice and jury trial of the sixth amendment, these facts were not presented to a jury nor proved beyond a reasonable doubt." In support of this claim, Marshall argues that his sentence, that was enhanced for possession of a firearm during the offense, violates *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2363 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Marshall contends that *Apprendi* announced "a new rule of Constitutional law made retroactive to cases on collateral review." However, the Eleventh Circuit Court of Appeals has held that "[t]he new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review." *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001); *See also Black v. United States,* Nos. 00-012273 CV-T-26B, 97-00432-CR-T-2, 2002 WL 219866 at *1 (11th Cir. 2002). Marshall's conviction became final on January

13, 2000,[3] before the Supreme Court announced the *Apprendi* decision on June 26, 2000. Thus, Marshall cannot now collaterally challenge his conviction on the basis of a claimed *Apprendi* error."

Moreover, even if *Apprendi* applied retroactively on collateral review, Marshall would not be entitled to relief. As previously stated, *Apprendi*, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime **beyond the prescribed statutory maximum** must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added). Marshall was convicted of felony murder, a Class A felony, in violation of *Ala. Code* § 13A-6-2. *Alabama Code* § 13A-5-6(a)(1) provides that the sentence for a Class A felony is a term of imprisonment "for life or not more than 99 years or less than 10 years." Marshall was sentenced to a term of imprisonment for 32 years, pursuant to *Ala. Code* § 13A-5-6(a)(4), which provides that "[f]or a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years." The petitioner's 32 year sentence did not exceed the "prescribed statutory maximum" for felony murder. Therefore, the petitioner was not sentenced in violation of *Apprendi*.

## CONCLUSION

Wherefore, this petition for writ of habeas corpus is due to be denied. An appropriate

---

[3] On January 13, 2000, the ninety-day period in which the petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court expired.

order will be entered.

DONE this 26th day of March, 2001.

_____
U. W. CLEMON
CHIEF UNITED STATES DISTRICT JUDGE